# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALYSSA NICOLE MARIN,<br><br>Defendant. | Case No. CR-26-154-RAW |

## ORDER

Before the court is the Defendant Alyssa Nicole Marin's appeal of Magistrate Judge Robertson's order detaining her pending trial [Docket No. 37]. Magistrate Judge Robertson ordered that the Defendant be detained pending trial on November 2, 2026. See Docket Nos. 35 and 36. The Defendant now appeals, arguing that the case against her "is built on a potential misidentification" and that the 18 U.S.C. §3142 factors favor release with conditions.

Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The Government has the burden of proving the risk of flight by a preponderance of the evidence and dangerousness by clear and convincing evidence. *Cisneros*, 328 F.3d 610, 616.

In determining whether the Defendant should be detained pending trial, the court considers the factors in 18 U.S.C. § 3142(g), including the nature and circumstances of the offenses charged, the weight of the evidence against the Defendant, the history and

characteristics of the Defendant, and the nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release.

The Defendant and her mother, Jessica Nicole Murguia, are charged in this case with nine counts related to a violent altercation that occurred on June 13, 2026 at the Arrowhead Resort campground in Cherokee County that resulted in four people being stabbed. The Defendant is alleged to have held victims down while her mother and another man stabbed them.

The Defendant and her mother are charged in Count One with Assault with Intent to Commit murder in Indian Country in violation 18 U.S.C. §§ 113(a)(1), 1151, 1153, and 2. They are charged in Counts Two, Four, Six, and Eight with Assault with a Dangerous Weapon with Intent to do Bodily Harm in Indian Country in violation of 18 U.S.C. §§ 113(a)(3), 1151, 1153, and 2. They are charged in Counts Three, Five, Seven, and Nine with Assault Resulting in Serious Bodily Injury in Indian Country in violation of 18 U.S.C. §§ 113(6), 1151, 1153, and 2.

At the detention hearing, Magistrate Judge Robertson noted, and the Government agreed, that this is not a rebuttable presumption case. Magistrate Judge Robertson took judicial notice, without objection, of the Indictment in this case and the pretrial services report. He also considered the testimony of Special Agent Daniel Plume of the FBI, the arguments by the parties, and character letters from the Defendant's great grandmother, Life Church, and a previous employer.

At the conclusion of the hearing, Magistrate Judge Robertson delivered a thorough ruling and detained the Defendant. He found that the first factor – the nature and circumstances of the offenses charged – weighs in favor of detention, as the Defendant is charged with crimes of violence. He found that the second factor – weight of the evidence against the Defendant – weighs in favor of release. He found that the third factor – the history and characteristics of the Defendant – weighs in favor of detention. He found that the fourth factor – the nature and

seriousness of the danger to any person or the community that would be posed by the Defendant's release – weighs in favor of detention.

While Magistrate Judge Robertson strongly considered alternatives, he ultimately found that the Defendant failed to cooperate with prior conditions. Accordingly, he found that the court could not safely rely upon her to comply with any set of conditions of release that might be imposed. Magistrate Judge Robertson found that the Government did not meet its burden with regard to the risk of flight, but that it did meet its burden by clear and convincing evidence with regard to danger to the community. He found that no condition or combination of conditions will reasonably assure the safety of the community.

The standard of review is *de novo*. *United States v. Cisneros*, 328 F.3d at 616 n.1 (10th Cir. 2003). The court has considered the recording of the detention hearing, the transcript of the hearing, the pretrial services report, and the parties' briefing. As neither the defense nor the Government have cited to any new evidence they would proffer at a hearing, the court makes its determination without any further hearing. *United States v. Oaks*, 793 Fed.Appx. 744, 747 (10th Cir. 2019) ("A district court conducts a *de novo* review of a magistrate judge's detention order, *Cisneros*, 328 F.3d at 616 n.1, but there is no statutory requirement that the court hold a hearing.") (citing 18 U.S.C. § 3145(b)). After a *de novo* review, the court denies the appeal.

The defense argues that while the Defendant is charged with aiding and abetting her mother in the stabbing assaults, the Defendant did not have any blood on her at the scene, was not identified as an assailant at the scene, and was released to go home from the scene and so was likely not drunk. As noted by the Government, the four victims were rushed from the scene to the hospital. This could explain why the Defendant was not identified as an assailant at the scene. The Government argues that after the assault, the victims were shown a photo array, and all four victims identified the Defendant as being a part of the assault. The Government further

argues that the lack of blood is not dispositive. The Defendant could have cleaned herself up and/or changed her clothing before police arrived. The Government also notes that many suspects are arrested days, weeks, and years after their crimes rather than at the scene of a crime.

The defense argues that other than the incident on June 13, 2026, the Defendant has done well on probation. As Magistrate Judge Robertson noted in his ruling, the Defendant was on probation from a DUI on June 13, 2026. Further, as noted by Magistrate Judge Robertson, the Defendant has a fairly extensive arrest record, including a domestic assault and battery and an assault and battery on a police officer.

As to the first factor – the nature and circumstances of the offenses charged – the court agrees with Magistrate Judge Robertson. The Defendant is charged with nine crimes of violence against four victims. As noted by the Government, one of the victims had wounds so severe that his intestines were exposed, and he required Level One trauma care. This factor weighs strongly in favor of detention.

As to the second factor – weight of the evidence against the Defendant – the court finds this factor to be neutral. While the Defendant may not have had blood on her at the scene or been identified by the victims as one of their assailants at the scene, all four of the victims later identified the Defendant as one of their assailants. The Grand Jury then found probable cause to believe that the Defendant committed the offenses charged.

As to the third factor – the history and characteristics of the Defendant – the court agrees with Magistrate Judge Robertson. While not convicted, the Defendant has twice before been arrested for assault. This factor weighs in favor of detention.

As to the fourth factor – the nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release – the court again agrees with

Magistrate Judge Robertson. The Defendant was on probation for DUI at the time of the allegations in this case. This factor weighs in favor of detention.

The court agrees with Magistrate Judge Robertson that there is no combination of conditions that will alleviate the risk of danger to the community. Accordingly, the Defendant's appeal of detention order [Docket No. 37] is hereby denied.

**IT IS SO ORDERED** this 9th day of November, 2026.

**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**